Steinmann v Steinmann (2026 NY Slip Op 00069)

Steinmann v Steinmann

2026 NY Slip Op 00069

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 365126/24|Appeal No. 5523-5524|Case No. 2025-01215 2025-01793|

[*1]Alysia Renee Steinmann, Plaintiff-Appellant,
vFrederick Leonid Steinmann, Defendant-Respondent. 

Butterman & Kahn, LLP, New York (Jay R. Butterman of counsel), for appellant.
Mantel McDonough Riso, LLP, New York (Alison L. Epilone of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about January 22, 2025, which, to the extent appealed from, granted defendant husband's motion for, among other things, pendente lite maintenance, and ordered the parties to submit proposed orders setting a nesting schedule for the parties' children, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court and Justice, entered on or about February 26, 2025, which set the nesting schedule based on the parties' proposed orders, unanimously dismissed, without costs, as taken by a nonaggrieved party.
The appeal from the January 22, 2025 pendente lite order is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see Matter of Jabuki M. v Nicole B., 196 AD3d 405, 405 [1st Dept 2021]). The wife's failure to submit timely papers in opposition to the husband's motion, or obtain permission to submit late papers, constituted a default; her remedy is not an appeal but a motion to vacate the default (see CPLR 5511; U.S. Bank N.A. v Tiburcio, 199 AD3d 620, 620 [1st Dept 2021]; Deutsch v Deutch, 194 AD3d 542, 542 [1st Dept 2021]). As a result, the appeal from the pendente lite order is not properly before this Court (see Matter of Miguel L. v Ashley J.L., 177 AD3d 476, 477 [1st Dept 2019]).
The appeal from the February 26, 2025 order setting a nesting schedule is also dismissed. The record shows that the wife consented to that order, as the court gave her the parental access that she requested in her proposed nesting order. Therefore, the wife is not an aggrieved party within the meaning of CPLR 5511 (see Matter of Jessica M. v Julio G.R., 176 AD3d 584, 584-585 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026